IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROBERT THAD BUCK**                                                                           **PLAINTIFF**

**v.**                                                                                   **No. 4:25CV10-DAS**

**LEFLORE CO. SHERIFF'S DEPT., ET AL.**                                    **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTION [26]
TO CHANGE VENUE**

This matter comes before the court on the motion [26] by the plaintiff to change venue. For the reasons set forth below, the instant motion [26] will be denied.

Proper venue in federal court is: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district in which the events occurred; or (3) if there is no other proper district – any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). "Wisely it has not been attempted to catalogue the circumstances which will justify or require grant or denial of transfer. Given the statutory standards the decision is left to the sound discretion of the court." *Brown v. Woodring*, 174 F. Supp. 640, 644 (M.D. Pa. 1959); *see also Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 268 (5th Cir. 2001).

The venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The § 1404(a) factors apply equally to transfers between divisions of the same district as to transfers between districts. A motion to transfer under § 1404(a) should be granted if "the movant demonstrates that the transferee venue is clearly more

convenient," taking into consideration (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen of Am., Inc. ("Volkswagen II"),* 545 F.3d 304, 311 (5th Cir.2008) (en banc).

In this case, Mr. Buck argues that the court should transfer the case to another division because various law enforcement officials in Leflore County are biased against him.

In the court's estimation, this meets none of the factors for granting a change of venue. The proof in the case can be found in Greenville Division; compulsory process can be had in either Oxford or Greenville Division; the cost of attendance for witnesses would be lower in Greenville Division; the practical considerations make the trial easier, more expeditious, and inexpensive in Greenville Division; there are no administrative difficulties regarding a congested docket; the law governing the case is the same in both divisions; and there are no difficulties involving conflict of laws. Thus, neither the convenience of the parties or witnesses nor the interests of justice require a change of venue in this case. For this reason, Buck's request [26] for a change in venue is **DENIED**.

**SO ORDERED**, this, the 2nd day of December, 2025.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE