**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**ROBERT THAD BUCK** **PLAINTIFF**

**v.** **No. 4:25CV10-DAS**

**LEFLORE CO. SHERIFF'S DEPT., ET AL.** **DEFENDANTS**

**ORDER FINDING THAT PROCESS HAS NOT BEEN PROPERLY SERVED UPON DEFENDANTS HARVEY AND MOORE**

The court takes up, *sua sponte*, the validity of the service of process upon defendants Melvin Harvey and Austin Moore. The Process Receipt and Returns of the Summons and Complaint in this case, as well as the Proofs of Service as to these defendants, reflect that "Whitney Wise (secretary) for Leflore County Sheriffs accepted the process and states that she would deliver it to [each respective defendant]." Doc. 37. As discussed below, delivery to a third party at a place of employment does not constitute effective service of process under Fed. R. Civ. P. 4.

Federal courts look to state law for the proper procedure regarding serving a summons:

> Unless federal law provides otherwise, an individual – other than a minor, incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by … following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made ….

Fed. R. Civ. P. 4(e)(1). Mississippi Rule of Civil Procedure 4 governs serving process and states, in relevant part:

> The summons and complaint shall be served together. Service by sheriff or process server shall be made as follows:
>
> (1) Upon an individual other than an unmarried infant or a mentally incompetent person,
>
> > (A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or

> (B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.

Miss. R. Civ. P. 4(d)(1)(A)-(B).[1] The Leflore County Sheriff's Department's secretary in this case is not "an agent authorized by appointment or by law to receive service of process," and delivery was not "at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service." *Id.* For these reasons, defendants Melvin Harvey and Austin Moore have not been properly served with process, and the court may not exercise personal jurisdiction over them.

As such, by separate order, the court will issue a second process order, directing the United States Marshals Service to attempt to serve these defendants with process.

**SO ORDERED**, this, the 8th day of September, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

[1] Service of process under Federal Rule of Civil Procedure 4(e) is substantially the same as Mississippi's rule.